IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JULIE SUTHERLAND,                )
                                 )
                 Plaintiff,      )
                                 )
       v.                        )     No.  09 C 5061
                                 )
TIMOTHY MURPHY, etc., et al.,    )
                                 )
                 Defendants.     )

## MEMORANDUM ORDER

Just after this Court's issuance of yesterday's memorandum order ("Order") addressing the conflicting statements of counsel for the parties as to when defendant Timothy Murphy ("Murphy") had been served with process in the pre-removal state court action (Circuit Court of Cook County Case No. 09 L 8468), counsel for defendant CRST Malone, Inc. ("CRST") transmitted a letter to this Court's chambers confirming that counsel's earlier indication of an August 22, 2009 date of service had been mistaken--instead, service of process on Murphy had indeed taken place on <u>July</u> 22, 2009, as counsel for plaintiff Julie Sutherland ("Sutherland") had represented.

As reflected in this Court's earlier oral indications on the subject as well as the Order, that places a totally different light on matters.  It seems clear that CRST's counsel were well aware (as they should have been) of the "all defendants" caselaw governing removals:  Their earlier filings included a bill from a skip tracer whom they had retained to try to track Murphy down.

But more importantly, as the Order pointed out, CRST's original removal papers had included a photocopy of the state court Complaint that carried a "RECEIVED" stamp from the Illinois Secretary of State General Counsel's Office dated July 20. With Murphy having been a nonresident driver of a motor vehicle involved in a traffic accident, CRST's counsel are charged with knowledge of the provisions of the Illinois Vehicle Code (625 ILCS 5/10-301) providing for service of process through the Secretary of State's office.[1] Due diligence requirements obligated CRST's counsel to have looked into that, and inquiry would have confirmed that Murphy was indeed served <u>before</u> CRST undertook to remove the case to this District Court.[2]

That being the case, CRST's noncompliance with the removal requirements was not the kind of technical flaw that was found to be curable in <u>Shaw v. Dow Brands, Inc.</u>, 994 F.2d 364, 368-69 (7th Cir. 1993).[3] Because "[a] petition for removal fails unless all

---

[1] That section stems from a provision that had its origin fully eight decades ago--in 1929.

[2] Indeed, the selfsame "RECEIVED" stamp, bearing the same July 20 date, is on the Notice of Filing Suit that was sent to Murphy, referring to service of process on the Secretary of State.

[3] By chance this Court sat on the panel that decided <u>Shaw</u>, and it had occasion to issue a dissenting opinion in that case (<u>id</u>. at 371) on a different issue--one that truly dealt with subject matter jurisdiction. Parenthetically, this Court has been bemused to note that each other Court of Appeals that has since had the occasion to address the subject on which the <u>Shaw</u> majority and this Court parted company have adopted the view

2

defendants join it" (Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994), issued a year post-Shaw),[4] this action is indeed remanded to its place of origin--the Circuit Court of Cook County. To enable the parties to turn their attention to the merits of their dispute, rather than continuing to joust over procedural matters, the Clerk is ordered to transmit the certified copy of the remand order forthwith.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date: September 25, 2009

---

espoused in this Court's dissent there.

   [4] Now Chief Judge Easterbrook, who wrote for the panel in Roe, repeated the same proposition in McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998).